# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

RANDY PINNEY : Case No.:

      Plaintiff, : Judge: _____

vs. :

E. I. DU PONT DE NEMOURS AND COMPANY, : **COMPLAINT WITH JURY DEMAND**

and :

DUPONT SPECIALTY PRODUCTS USA, LLC.

      Defendant.

Plaintiff Randy Pinney ("Pinney"), through counsel, for his Complaint against Defendant E. I. Du Pont De Nemours and Company ("DuPont") and Defendant DuPont Specialty Products USA, LLC ("DSP"), states as follows:

## PARTIES

1. At all times relevant to this Complaint, Plaintiff Pinney was a resident of the State of Ohio and was employed by Defendant DSP as a lead operator.

2. Upon information and belief, Defendant DuPont is a corporation registered in the State of Delaware authorized to conduct business in the State of Ohio.

3. Upon information and belief, Defendant DSP is a limited liability company registered in the State of Delaware authorized to conduct business in the State of Ohio.

4. Upon information and belief, Defendant DSP is a wholly owned affiliate/subsidiary of Defendant DuPont.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to the 29 U.S.C. § 621, *et seq.* ("ADEA"). Furthermore, this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

2. Venue in this district is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

## ADMINISTRATIVE PROCEDURES

5. Plaintiff Pinney has satisfied all statutory requirements to filing suit by filing a timely charge with the Equal Employment Opportunity Commission ("EEOC") for discrimination and retaliation.

6. The EEOC issued a Notice of Right to Sue letter to Plaintiff.

7. Plaintiff filed this Complaint within 90 days of the receipt of the Notice of Right to Sue letter from the EEOC.

## FACTS

8. Plaintiff Pinney is a 54 year old resident of Ohio who worked as an operator for Defendant DSP since March 4, 1998.

9. Defendant DSP wrongfully terminated Plaintiff Pinney on or about January 23, 2020; at the time of his termination, he held the position of lead operator.

10. As a part of Plaintiff Pinney's job duties as the lead operator, he oversaw the flushing of materials to filter out metals and adjust PH levels, after which he would input data into a report.

11. There are two methods to perform the ion exchange bed flushing: one methods utilizes tanks ("T32") and the other utilizes drums to collect methanol used for the flush.

12. There were no policies to Plaintiff Pinney's knowledge requiring the use of T32 to perform the flushes in place of the drums at the time in question.

13. When performing the ion exchange bed flush using the drum method, the T32 levels would not reflect a change in volume being recorded for those flushes.

14. Upon information and belief, there was one incident that occurred on or around December 2019 with a flush that did not get properly recorded that allegedly prompted an audit of all flushes performed by Plaintiff Pinney.

15. Upon information and belief, as a result of the audit, Defendant DSP allegedly found discrepancies with one other record of a flush that took place on November 26, 2019.

16. Despite being employed by Defendant DSP for about 22 years, Plaintiff Pinney was wrongfully discharged effective January 23, 2020 under the pretext that Plaintiff Pinney misstated official company records in violation of DuPont's Code of Conduct.

17. Defendant DSP then filled Plaintiff Pinney's position with a substantially younger individual with only a few years of experience.

COUNT I
(Intentional Age Discrimination in Violation of the ADEA, 29 U.S.C. § 621, *et seq.*)

18. Plaintiff re-alleges and incorporates, as if fully rewritten, every allegation contained in the preceding paragraphs.

19. The ADEA makes it unlawful for employers and their agents "to fail or refuse to . . . discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

20. When Defendant DSP terminated Plaintiff Finney, it was an "employer" as defined by § 11(b) of the ADEA, as amended, 29 U.S.C. § 630(b).

21. At all relevant times, Plaintiff Pinney was over the age of 40, see 29 U.S.C. § 631(a), and Defendant DSP terminated Plaintiff Pinney, see 29 U.S.C. § 623(a)(1) and (2).

22. At all relevant times, Plaintiff Pinney was qualified for the position of lead operator.

23. A significantly younger, less qualified individual was hired to replace Plaintiff Pinney after his unlawful termination.

24. Defendant DSP's violations of the ADEA were intentional and willful.

3

25. As a direct and proximate result of the foregoing violations of the ADEA, Plaintiff Pinney has sustained economic and non-economic damages, including, without limitation, lost wages and other benefits, lost interest on those wages and other benefits, and lost potential opportunity to advance within Defendant DSP.

COUNT II
(O.R.C. § 4112.052 – Age Discrimination)

26. Plaintiff re-alleges and incorporates, as if fully rewritten, every allegation contained in the preceding paragraphs.

27. O.R.C. § 4112.052 makes it unlawful for employers and their agents to discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee.

28. Plaintiff Pinney was over the age of 40 at the time of his unlawful termination by Defendant DSP.

29. In violation of O.R.C. 4112.02(A), Defendant DSP unlawfully discriminated against Plaintiff Pinney by terminating him because of his age without just cause.

30. As a direct and proximate result of the foregoing violations of O.R.C. § 4112.14, Plaintiff Pinney has sustained economic and non-economic damages, including, without limitation, lost wages and other benefits, lost interest on those wages and other benefits, and lost opportunity for advancement within Defendant DSP, in addition to attorney's fees.

31. In its discriminatory actions as alleged above, Defendant DSP has acted with malice or reckless indifference to the rights of Plaintiff Pinney, thereby entitling him to an award of punitive damages.

WHEREFORE, Plaintiff Randy Pinney requests judgment against Defendants, jointly and severally, for the following:

A. Declaring the acts and practices complained of herein to be violations of the ADEA and Ohio law;

B. Enjoining and permanently restraining these violations of law;

C. Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

D. Directing Defendants to place Plaintiff in a position he would have occupied but for Defendants' unlawful conduct, and making him whole for all earnings and other benefits he would have received but for Defendants' unlawful conduct, including, without limitation, wages, other lost benefits, loss of good will and interest thereon;

E. Directing Defendants to pay Plaintiff compensatory damages, including the damages for his mental anguish, denial of life's pleasures, pain and suffering, humiliation, as well as punitive damages;

F. Attorneys' fees and costs;

G. Pre- and post-judgment interest; and

H. Such other and further relief as the Court considers just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ John Hui Li
John (Hui) Li (#0082661)
JHL LEGAL LLC
3209 Carrier Ave.
Dayton, Ohio 45429
Telephone:   513-502-4646
jli@jhllegal.com

*Trial Attorney for Plaintiff*
*Randy Pinney*

5